## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| | : | |
| **ALAN KOSZYK and ANDREW NOBLE,** | : | **Civil Action No.:** |
| **individually and on behalf of all others** | : | |
| **similarly situated,** | : | **Class and Collective Action Complaint** |
| | : | |
| **Plaintiffs,** | : | **Jury Trial Demanded** |
| **v.** | : | |
| | : | |
| **COUNTRY FINANCIAL a/k/a CC** | : | |
| **SERVICES, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Alan Koszyk ("Koszyk") and Andrew Noble ("Noble") (together "Plaintiffs"), through their undersigned counsel, file this Complaint against Defendant COUNTRY Financial a/k/a CC Services, Inc. ("Defendant" or "COUNTRY"), individually and on behalf of all similarly-situated individuals who performed work for COUNTRY, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"); the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1, *et seq.* ("IWPCA"); the Minnesota Fair Labor Standards Act, Minn. Stat. § 1777.21, *et seq.* ("MFLSA"); the Minnesota Payment of Wages Act, Minn. Stat. § 181.001, *et seq.* ("MPWA"); and common law unjust enrichment. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  A substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district, and Defendant does business within this judicial district

## PARTIES

4.     Plaintiff Alan Koszyk is an individual currently residing in Niles, Illinois. Plaintiff Koszyk was employed as an Employee Representative with COUNTRY between approximately April 2015 and February 2016.  He was employed as an Employee Representative Trainee with COUNTRY from approximately April 2015 through August 2015.  Plaintiff Koszyk worked for COUNTRY in its Rolling Meadows, Illinois branch.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Koszyk has consented in writing to being a Plaintiff in this action.  *See* Exhibit A.

5.     Plaintiff Andrew Noble is an individual currently residing in Plymouth, Minnesota.  Plaintiff Noble was employed as an Employee Representative with COUNTRY between approximately May 2015 and February 2016.  He was employed as an Employee Representative Trainee with COUNTRY from approximately May 2015 through August 2015. He worked for COUNTRY in its Plymouth, Minnesota branch.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Noble has consented in writing to being a Plaintiff in this action.  *See* Exhibit B.

6.     Defendant COUNTRY Financial a/k/a CC Services, Inc. ("Defendant" or "COUNTRY") is incorporated in Illinois and maintains its headquarters in Bloomington, Illinois. COUNTRY is a financial services company that provides various insurance policies, including auto, home, life, business, retirement & investments, and education funding.  *See* COUNTRY

2

Financial, *available at* www.countryfinancial.com (last visited March 14, 2016). COUNTRY employs over 2,000 Financial Representatives and operates throughout the United States and abroad, including in this judicial district.

7.　　COUNTRY employed Plaintiffs and continues to employ similarly situated employees.

8.　　COUNTRY employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.　　COUNTRY's annual gross volume of business exceeds $500,000.

10.　　COUNTRY is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

11.　　Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential opt-in litigants:

> All current or former employees of COUNTRY Financial a/k/a CC Services, Inc. ("COUNTRY") who performed work as Employee Representative Trainees in the United States and who did not receive overtime compensation during the past three (3) years ("FLSA Class").

12.　　Plaintiff Koszyk brings Counts II through IV of this lawsuit as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All current or former employees of COUNTRY Financial a/k/a CC Services, Inc. ("COUNTRY") who performed work as Employee Representative Trainees in Illinois and who did not receive overtime compensation from March 24, 2011[1] to

---

[1] The statute of limitations on Plaintiff Koszyk's unjust enrichment claim is five (5) years. Therefore, former and current employees may be members of the Illinois Class if they were employed on or after March 24, 2011 for at least one of the claims alleged on behalf of the

the present ("Illinois Class").

13.     Plaintiff Noble brings Counts V through VII of this lawsuit as a class action

pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All current or former employees of COUNTRY Financial a/k/a CC Services, Inc.
> ("COUNTRY") who performed work as Employee Representative Trainees in
> Minnesota and who did not receive overtime compensation from March 24, 2010[2]
> to the present ("Minnesota Class").

14.     The FLSA Class, Illinois Class, and Minnesota Class are together referred to

herein as the "Classes."

15.     Plaintiffs reserve the right to re-define the Classes prior to notice or class

certification, and thereafter, as necessary.

## FACTS

16.     COUNTRY employs Employee Representative Trainees, such as Plaintiffs

Koszyk and Noble, throughout the United States, including in Illinois, Minnesota, and this

judicial District.

17.     Employee Representatives are also referred to as Financial Representatives.

18.     After being hired by COUNTRY and in order to remain employed by

COUNTRY, Employee Representative Trainees are required to complete COUNTRY's training

program, including specifically, participating in various training modules, meetings, and the

COUNTRY Agency Learning ("CAL") Class.

19.     Additionally, if the Employee Representative Trainee has not already passed the

Series 6 and 63 exams, COUNTRY requires Employee Representative Trainees to study for and

---

Illinois Class.
[2] The statute of limitations on Plaintiff Noble's unjust enrichment claim is six (6) years.
Therefore, former and current employees may be members of the Minnesota Class if they were
employed on or after March 24, 2010 for at least one of the claims alleged on behalf of the
Minnesota Class.

pass the Series 6 and Series 63 exams within sixty (60) days of being hired by and starting to work for COUNTRY.

20.    From approximately April 2015 through February 2016, Plaintiff Koszyk was employed as an Employee Representative by COUNTRY in its Rolling Meadows, Illinois, branch.

21.    Plaintiff Koszyk was employed by COUNTRY as an Employee Representative Trainee from his hire date through when he completed the CAL Class, which occurred in or around August 2015.

22.    From approximately May 2015 through February 2016, Plaintiff Noble was employed as an Employee Representative by COUNTRY in its Plymouth, Minnesota branch.

23.    Plaintiff Noble was employed by COUNTRY as an Employee Representative Trainee from his hire date through when he completed the CAL Class, which occurred in or around August 2015.

24.    Members of the Classes are considered Employee Representative Trainees from their date of hire through at least the completion of the CAL Class.

25.    Plaintiffs and the Classes are non-exempt employees under the FLSA and related state laws.

26.    Plaintiffs and the Classes did not regularly exercise discretion or independent judgment in the performance of their jobs during the training period.

27.    Plaintiffs and the Classes did not supervise or direct the work of any other employees of COUNTRY during the training period.

28.    Plaintiffs and the Classes did not manage any department or subdivision of COUNTRY during the training period.

29.     Plaintiffs and the Classes did not have the authority to hire or fire other employees during the training period.

30.     Plaintiffs and the Classes were not required to have advanced knowledge in any specific field in order to perform their jobs during the training period.

31.     The FLSA requires covered employers, such as COUNTRY, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

32.     The IMWA requires covered employers, such as COUNTRY, to compensate all non-exempt employees who perform work in Illinois at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

33.     The MFLSA requires covered employers, such as COUNTRY, to compensate all non-exempt employees who perform work in Minnesota at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty-eight (48) hours per work week.

34.     COUNTRY classified Plaintiffs and the Classes as exempt from all applicable overtime provisions.

35.     COUNTRY uniformly misrepresented to Plaintiffs and the Classes that they were exempt employees who are ineligible to receive overtime pay when in reality, Plaintiffs and the Classes are, and were, non-exempt employees who are entitled to overtime pay.

36.     COUNTRY paid Plaintiffs a base salary of $36,000 per year on a biweekly basis. Upon information and belief, Class Members were also paid a salary of approximately $36,000 on a biweekly basis.

37.     COUNTRY routinely suffered and permitted Plaintiffs and the Classes to work

more than forty (40) hours per week.

38.     COUNTRY did not pay Plaintiffs or the Classes any overtime compensation when they worked more than forty (40) hours per week.

39.     After hiring Plaintiffs, COUNTRY required them to spend the first sixty (60) days of their employment studying for and passing the Series 6 and Series 63 exams.  Plaintiffs observed members of the Classes working similar schedules and being subject to similar requirements.

40.     During the 60 day period, Plaintiffs were expected to work 60 or more hours per week during and after regular working hours.  In fact, Plaintiff Noble specifically recalls Betsy Stubsen, one of COUNTRY's Agency Managers, instructing him and several Class Members that they should be working 60, 70, or 80 hours per week.

41.     Plaintiffs and the Classes routinely spent at least 60 hours per week studying for and passing the Series 6 exam, studying for and passing the Series 63 exam; learning COUNTRY's product and service offerings, research tools, policies, and procedures, including COUNTRY's marketing protocols, client calls, and meeting guidelines; attending meetings; completing all training program curriculum requirements; and attending a week long training program in Bloomington, Illinois.

42.     Plaintiffs and the Classes were also required to attend various departmental meetings and perform many online training modules ("Learning Plans") during and after regular working hours throughout the training period.

43.     In addition, Plaintiffs and the Classes were required to attend CAL Class at Defendant's headquarters in Bloomington, Illinois that lasted for one week after passing their Series 6 and 63 exams.

44.     During the CAL Class week, COUNTRY required Plaintiff and the Classes to attend meetings and complete sales modules from approximately 8:00 a.m. until 7:30 p.m. each day.

45.     COUNTRY required Plaintiffs and the Classes to work in excess of fifty (50) hours during the week that they attended CAL Class.

46.     Class Members who were hired by COUNTRY after they had already completed the Series 6 and 63 exams were required to spend several weeks completing Learning Plans, attending training meetings, and participating in CAL Class during and after regular working hours.

47.     Plaintiff Koszyk worked uncompensated overtime during the vast majority or all of his work weeks as an Employee Representative Trainee. Specifically, Plaintiff Koszyk routinely worked in excess of 60 hours per week between May 2015 and July 2015, prior to taking his Series 6 and 63 exams.  Plaintiff Koszyk also recalls working in excess of 50 hours during the CAL Class week in Bloomington, Illinois.

48.     Plaintiff Noble worked uncompensated overtime during the vast majority or all of his work weeks as an Employee Representative Trainee. Specifically, Plaintiff Noble routinely worked in excess of 60 hours per week between June 2015 and July 2015, prior to taking his Series 6 and 63 exams.  Plaintiff Noble also recalls working in excess of 50 hours during the CAL Class week in Bloomington, Illinois.

49.     Plaintiffs and the Classes were required to conduct their studying and participate in training sessions during and after their regular working hours.

50.     COUNTRY conditioned the continued employment of Plaintiffs and the Classes on their successfully completing its training program.

51.     COUNTRY designed the training period to provide Plaintiffs and the Classes with courses, lectures, meetings, and modules that are directly related to their work as Employee Representatives.

52.     Plaintiffs and the Classes performed productive work during the training period.

53.     As a large company with operations throughout the United States, COUNTRY has access to human resource expertise and legal counsel who can and do advise COUNTRY on its FLSA and state wage and hour law compliance obligations.

54.     COUNTRY has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiffs, the FLSA Class, and the Illinois Class for hours worked in excess of forty (40) during the workweek.

55.     COUNTRY has acted willfully and/or with reckless disregard of the applicable MFLSA provisions, by failing to properly compensate Plaintiff Noble and the Minnesota Class for hours worked in excess of forty-eight (48) during the workweek.

56.     Moreover, during the entire relevant time period, COUNTRY was aware that Plaintiffs and the Class Members were not properly compensated under the FLSA or applicable state laws, because COUNTRY's managers and other supervisory employees knew that Plaintiffs and members of the Classes were working in excess of forty (40) hours per week, but were not receiving overtime compensation.

57.     Furthermore, COUNTRY failed to properly track, monitor or record the actual number of hours per day that Plaintiffs and the Class Members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

9

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

59.     Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

60.     Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals currently work or have worked pursuant to COUNTRY's previously described common business practices and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including COUNTRY's common compensation, timekeeping, and payroll practices.

61.     Specifically, COUNTRY paid Plaintiffs and the FLSA Class a set salary per week, regardless of the number of hours they actually worked.

62.     COUNTRY paid Plaintiffs and the FLSA Class these payments even though Plaintiffs and the FLSA Class did not work a fixed regular number of hours in excess of forty (40) hours each work week.

63.     The similarly situated employees are known to COUNTRY, are readily identifiable, and can be located through COUNTRY's records. COUNTRY employs many FLSA Class members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

10

## CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring this action on their own behalf and on behalf of the Illinois and Minnesota Classes as defined above (together, "State Law Classes"), pursuant to FED. R. CIV. P. 23.

65.     The members of the State Law Classes are each so numerous that joinder of all members is impracticable.

66.     Plaintiffs will fairly and adequately represent and protect the interests of the State Law Classes because there is no conflict between the claims of Plaintiffs and those of the State Law Classes, and Plaintiffs' claims are typical of the claims of the State Law Classes.  Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

67.     There are questions of law and fact common to the proposed State Law Classes, which predominate over any questions affecting only individual Class members, including, without limitation: whether COUNTRY has violated and continues to violate Illinois and Minnesota law through its common policy or practice of not paying its Employee Representative Trainees overtime compensation.

68.     Plaintiffs' claims are typical of the claims of the State Law Classes in the following ways: 1) Plaintiff Koszyk is a member of the Illinois Class; 2) Plaintiff Noble is a member of the Minnesota Class; 3) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the State Law Classes; 4) Plaintiffs' claims are based on the same legal and remedial theories as those of the State Law Classes and involve similar factual circumstances; 5) there are no conflicts between the interests of Plaintiffs and members of the State Law Classes; and 6) the injuries suffered by Plaintiffs are similar to the

11

injuries suffered by members of the State Law Classes.

69.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the State Law Classes predominate over any questions affecting only individual Class members.

70.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The State Law Classes are readily identifiable from COUNTRY's own employment records.  Prosecution of separate actions by individual members of the State Law Classes would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for COUNTRY.

71.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the members of the State Law Classes, while substantial, are not great enough to enable them to maintain separate suits against COUNTRY.

72.     Without a class action, COUNTRY will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the State Law Classes.

73.     Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA
## (On Behalf Plaintiffs and the FLSA Class)

74.    All previous paragraphs are incorporated as though fully set forth herein.

75.    The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207(a)(1).

76.    The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

77.    COUNTRY is subject to the wage requirements of the FLSA because COUNTRY is an "employer" under 29 U.S.C. § 203(d).

78.    COUNTRY's compensation scheme applicable to Plaintiffs and the FLSA Class fails to comply with 29 U.S.C. § 207(a)(1).

79.    During all relevant times, Plaintiffs and the FLSA Class were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

80.    COUNTRY knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

81.    Plaintiffs and the FLSA Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

82.    COUNTRY, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Class for all their overtime hours worked by misclassifying Plaintiffs and the FLSA Class as employees exempt from the requirements of the FLSA.

83.     COUNTRY knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

84.     COUNTRY also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment, in violation of 29 C.F.R. § 516.2(a)(7).

85.     In violating the FLSA, COUNTRY has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (On Behalf of Plaintiff Koszyk and the Illinois Class)

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     The Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"), requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 820 Ill. Comp. Stat. §105/4a(1).

88.     Plaintiff Koszyk and the Illinois Class are employees of COUNTRY within the meaning of 820 Ill. Comp. Stat. §105/3(d).

89.     COUNTRY was or is the employer of Plaintiff Koszyk and the Illinois Class within the meaning of 820 Ill. Comp. Stat. §105/3(c).

90.     Plaintiff Koszyk and the Illinois Class routinely worked in excess of 40 hours per week.   COUNTRY did not pay Plaintiff Koszyk and the Illinois Class any overtime compensation for the overtime hours worked.

91.     COUNTRY, by its policies and practices, failed to pay the requisite overtime

compensation to Plaintiff Koszyk and other members of the Illinois Class, as mandated by 820 Ill. Comp. Stat. §105/4a(1).

92.     As a direct and proximate result of COUNTRY's unlawful conduct, Plaintiff Koszyk and members of the Illinois Class have suffered and will continue to suffer a loss of income and other damages.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (On Behalf of Plaintiff Koszyk and the Illinois Class)

93.     All previous paragraphs are incorporated as though fully set forth herein.

94.     Plaintiff Koszyk and the Illinois Class are employees of COUNTRY within the meaning of 820 Ill. Comp. Stat. §105/3(d).

95.     COUNTRY was or is the employer of Plaintiff Koszyk and the Illinois Class within the meaning of 820 Ill. Comp. Stat. §105/3(c).

96.     Pursuant to 820 Ill. Comp. Stat. § 105/8, employers are required to make and keep records regarding work hours and pay for a period of not less than three (3) years.

97.     COUNTRY unlawfully failed to maintain records as required by 820 Ill. Comp. Stat. § 105/8.

98.     Pursuant to 820 Ill. Comp. Stat. §§ 105/12(a) and 115/14(a), Plaintiff Koszyk and the Illinois Class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

99.     Because COUNTRY incorrectly kept track of the hours worked by Plaintiff Koszyk and Illinois Class, Plaintiff Koszyk and the Illinois Class were not paid for their overtime hours worked.  Pursuant to 820 Ill. Comp. Stat.  § 115/14 of the IWPCA, Plaintiff Koszyk and

the Illinois Class are entitled to an award of damages their uncompensated overtime hours worked.

**COUNT IV**
**Unjust Enrichment Under Illinois Law**
**(On Behalf Plaintiff Koszyk and the Illinois Class)**

100.     All previous paragraphs are incorporated as though fully set forth herein.

101.     This count is brought against COUNTRY pursuant to the common law doctrine of unjust enrichment.

102.     COUNTRY has received and benefited from the uncompensated labors of Plaintiff Koszyk and the Illinois Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

103.     At all relevant times hereto, COUNTRY devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Koszyk and the Illinois Class without paying overtime compensation for all hours worked.

104.     Contrary to all good faith and fair dealing, COUNTRY induced Plaintiff Koszyk and the Illinois Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

105.     By reason of having secured the work and efforts of Plaintiff Koszyk and the Illinois Class without paying overtime compensation as required by law, COUNTRY enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Koszyk and the Illinois Class. COUNTRY retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

106.     Accordingly, Plaintiff Koszyk and the Illinois Class are entitled to judgment in an amount equal to the benefits unjustly retained by COUNTRY.

## COUNT V
## Violation of the Minnesota Fair Labor Standards Act
## (On Behalf of Plaintiff Noble and the Minnesota Class)

107.    All previous paragraphs are incorporated as though fully set forth herein.

108.    The Minnesota Fair Labor Standards Act, Minn. Stat. § 1777.21, *et seq.* ("MFLSA"), requires that covered employees be compensated for all hours worked in excess of forty-eight (48) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* Minn. Stat. §177.25(1).

109.    Plaintiff Noble and the Minnesota Class are employees of COUNTRY within the meaning of Minn Stat. §§ 177.23 and 177.24.

110.    COUNTRY was or is the employer of Plaintiff Noble and the Minnesota Class within the meaning of Minn. Stat. §§ 177.23 and 177.24.

111.    Plaintiff Noble and the Minnesota Class routinely worked in excess of forty-eight (48) hours per week.  COUNTRY did not pay Plaintiff Noble and the Minnesota Class any overtime compensation for the overtime hours worked.

112.    COUNTRY, by its policies and practices, failed to pay the requisite overtime compensation to Plaintiff Noble and the Minnesota Class, as mandated by Minn. Stat. § 177.25(1).

113.    As a direct and proximate result of COUNTRY's unlawful conduct, Plaintiff Noble and the Minnesota Class have suffered and will continue to suffer a loss of income and other damages.

114.    Plaintiff Noble and the Minnesota Class seek damages in the amount of their unpaid overtime wages for all hours worked in excess of forty-eight (48) per work week, and such other legal and equitable relief from COUNTRY's unlawful and willful conduct as the

Court deems proper.

## COUNT VI
### Minnesota Payment of Wages Act
### (On Behalf of Plaintiff Noble and the Minnesota Class)

115.    All previous paragraphs are incorporated as though fully set forth herein.

116.    Plaintiff Noble and the Minnesota Class are employees of COUNTRY within the meaning of Minn Stat. §§ 177.23 and 177.24.

117.    COUNTRY was or is the employer of Plaintiff Noble and the Minnesota Class within the meaning of Minn. Stat. §§ 177, §177.24, and § 181.171(4).

118.    Pursuant to Minn. Stat. § 177.30, employers are required to make and keep records regarding work hours and pay.

119.    COUNTRY unlawfully failed to maintain records as required by Minn. Stat. § 177.30.

120.    COUNTRY's actions in violating the above named statute were willful and not the result of mistake or inadvertence.

## COUNT VII
### Unjust Enrichment Under Minnesota Law
### (On Behalf Plaintiff Noble and the Minnesota Class)

121.    All previous paragraphs are incorporated as though fully set forth herein.

122.    This count is brought against COUNTRY pursuant to the common law doctrine of unjust enrichment.

123.    COUNTRY has received and benefited from the uncompensated labors of Plaintiff Noble and the Minnesota Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

124.    At all relevant times hereto, COUNTRY devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Noble and

18

the Minnesota Class without paying overtime compensation for all hours worked.

125.    Contrary to all good faith and fair dealing, COUNTRY induced Plaintiff Noble and the Minnesota Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

126.    By reason of having secured the work and efforts of Plaintiff Noble and the Minnesota Class without paying overtime compensation as required by law, COUNTRY enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Noble and the Minnesota Class. COUNTRY retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

127.    Accordingly, Plaintiff Noble and the Minnesota Class are entitled to judgment in an amount equal to the benefits unjustly retained by COUNTRY.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    Authorizing prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to be sent to all potential FLSA Class Members;

C.    An order permitting this litigation to proceed as a class action on behalf of the Illinois Class and Minnesota Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.    Injunctive relief to the fullest extent permitted under the law;

F.     Liquidated damages to the fullest extent permitted under the law;

G.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

H.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: March 24, 2016                              Respectfully submitted,


/s  Shanon J. Carson
Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)*
Alexandra K. Piazza (PA 315240)*
Camille Fundora (PA 312533)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net
cfundora@bm.net

*Attorneys for Plaintiffs and the Proposed Classes*

*\*Application for Admission to be Filed*